**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION**

MARVIN WEAVER and CHRIS )
WEAVER d/b/a WEAVER'S FARMS )
          )
      Plaintiff, )
          )
v. )         Case No.
          )
TRAVELERS INDEMNITY )         Jury Demanded
INSURANCE and THE CHARTER OAK )
FIRE INSURANCE COMPANY )
          )
      Defendants, )

## NOTICE OF REMOVAL

NOW COMES, Defendants Travelers Indemnity Insurance and the Charter Oak Fire

Insurance Company, by and through their attorneys, and pursuant to 28 U.S.C. §§ 1332, 1441(b),

and 1446, removes this civil action from the Circuit Court for the Tenth Judicial District at Polk

County, Tennessee to the United States District Court for the Eastern District of Tennessee,

Chattanooga Division.  In support of this Notice, Defendants will show the Court as follows:

      1.      Travelers Indemnity Insurance ("Travelers") and Charter Oak Fire Insurance

Company ("Charter") (collectively, "Defendants") are the Defendants in a civil action in the

Circuit Court for Tenth Judicial District at Polk County, Tennessee, *Marvin Weaver and Chris*

*Weaver d/b/a Weaver's Farms v. Travelers Indemnity Insurance and The Charter Oak Fire*

*Insurance Company*, Case No. 23-cv-76.  A copy of the file from the state court is attached hereto.

Specifically, the Complaint is attached as **Exhibit A**, the Summons is attached as **Exhibit B**, and

a current docket sheet is attached hereto as **Exhibit C**.

      2.      This Notice of Removal is timely filed under 28 U.S.C. § 1446(b) because it is filed

within one year of the commencement of this action and within thirty days of the date on which

this case first became removeable.  The Complaint was filed on August 24, 2023.  Plaintiffs served their Complaint on the Tennessee Department of Commerce and Insurance on August 30, 2023.  Defendants then received a copy of the Complaint from the Tennessee Department of Commerce and Insurance by certified mail on September 11, 2023.  The thirty-day period for removal commenced on September 11, 2023, the date that Defendants were served with the Complaint.  28 U.S.C. § 1446(b).  Accordingly, Defendants' deadline to remove is October 11, 2023.

3.	The described civil action is one in which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332(a), as the action is one between citizens of different states and the matter in controversy exceeds the sum on $75,000, exclusive of interest and costs.

4.	Plaintiffs allege the following claims for relief against Defendants: (1) breach of contract; and (2) bad faith.

**Diversity of Citizenship**

5.	Plaintiff Marvin Weaver is a citizen of the State of Tennessee.  *See* Exhibit A, ¶ 1.

6.	Plaintiff Chris Weaver is a citizen of the State of Tennessee.  *See id.* at ¶ 2.

7.	Defendant Travelers is incorporated in the State of Connecticut with its principal place of business located in the State of Connecticut at One Tower Square, Hartford, Connecticut 06183.

8.	Defendant Charter is incorporated in the State of Connecticut with its principal place of business located in the State of Connecticut at One Tower Square, Hartford, Connecticut 06183.

9.	As the Defendants are domiciled in the State of Connecticut and the Plaintiffs are citizens of the State of Tennessee and outside the State of Connecticut, there is complete diversity of citizenship among the parties.  28 U.S.C. § 1332.

2

**Amount in Controversy Exceeds Jurisdictional Requirements**

10.    To meet the jurisdictional requirement under 28 U.S.C. § 1332, Defendants must establish that Plaintiffs' damages could exceed $75,000 exclusive of interest and costs. *Rogers v. Wal-Mart Stores, Inc.*, 230 f.3d 868, 871 (6th Cir. 2000). "[A] defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). The court looks to the complaint at the time of removal in determining whether the amount in controversy has been met. *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996).

11.    Here, Plaintiffs' Complaint specifies in its WHEREFORE paragraph that they are seeking damages "for breach of contract in the amount of $450,000.00" and "for bad faith penalties equal to twenty-five percent of the claim…." *See* Exhibit A, pp. 6-7. As such, the allegations of Plaintiffs' Complaint demonstrate that the amount in controversy exceeds the $75,000 jurisdictional threshold in 28 U.S.C. § 1332(a).

12.    Based on the foregoing, this Court has jurisdiction over this action under 28 U.S.C. § 1332(a), because there is complete diversity between the parties and the amount in controversy exceeds $75,000. Accordingly, the matter is properly removed to this Court under 28 U.S.C. §§ 1441(a) and 1446.

13.    Promptly upon filing this Notice of Removal, Defendants shall give written notice of the filing to Plaintiffs as required by law. Defendants are concurrently filing a notice attaching this Notice of Removal with the clerk of the Circuit Court for the Tenth Judicial District at Polk County, Tennessee where this action was originally filed.

WHEREFORE, Defendants request that this Court accept their Notice of Removal and assume jurisdiction over this action.

Dated: September 26, 2023

Respectfully submitted,

*s/ Lorne G. Hiller*
Lorne G. Hiller (TN Bar No. 039171)
FREEMAN MATHIS & GARY, LLP
1600 Division Street, Suite 590
Nashville, Tennessee 37203
Tel: (615) 208-5899
lorne.hiller@fmglaw.com

***Attorneys for Defendants***

4

## CERTIFICATE OF SERVICE

I hereby certify that, on September 26, 2023, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using this court's ECF system and will also serve to counsel listed below via email:

H. Franklin Chancey
CHANCEY - KANAVOS
P.O. Box 42
Cleveland, Tennessee 37364
Tel: (423) 479-9186
franklin@cklplaw.com

*Attorney for Plaintiffs*

/s/  *Lorne G. Hiller*
Lorne G. Hiller

5